Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street
Suite 914
San Francisco, CA 94104
Phone: (415) 651-1951
Fax: (415) 500-8300
mark@aoblawyers.com

Attorneys for Plaintiff David M. Trapani

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David M. Trapani, | Case No. |
| Plaintiff, | |
| v. | COMPLAINT |
| | (Fair Credit Reporting Act |
| Bank of America, N.A., | 15 USC § 1681 et seq) |
| | |
| Defendant. | DEMAND FOR JURY TRIAL |

**The Parties**

1.  Plaintiff David M. Trapani is an individual who resides in Sacramento County.

2.  Defendant Bank of America, N.A. is a national banking association with its principal place of business in Charlotte, N.C.

**Jurisdiction & Venue**

3.  The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p and supplemental jurisdiction over the California Civil Code claims pursuant to 15 USC § § 1367.

4. The alleged violations arose in this district during the past two years. Each of the defendants regularly transact business in this district.

**Description of the Case**

5. Plaintiff and his ex-spouse formerly owned a single family residence located in El Dorado Hills, California, they purchased in or about 2001. In or about 2006, plaintiff and his ex-spouse refinanced their home loan with a mortgage secured by a 1st deed of trust from Bank of America in the amount of $825,000. In or about 2007, plaintiff and his ex-spouse obtained a home equity loan secured by a 2d deed of trust on the property from Bank of America with a loan limit of $250,000.

6. Plaintiff stopped making the monthly payments on the loans in December 2008. Bank of America filed a notice of default on payment of the mortgage in first position and foreclosed on the property in or about July 2010.

7. The effect of the foreclosure was to extinguish Bank of America's loan secured by the 2d deed of trust.

8. Under California's anti-deficiency laws, a junior lienholder cannot enforce the promissory note secured by the junior lien when the junior also holds the senior lien; the note secured by the junior lien is barred by the anti-deficiency law whether there is a third party bidder who purchases at the first sale or, as in this case, the holder Bank of America itself purchases at the foreclosure sale under the senior lien.

9. Bank of America furnishes credit information on its customers to the three national credit reporting agencies, Experian, Equifax and Trans Union.

10. Beginning in December 2008, and to date, Bank of America has, each month, reported to the credit reporting agencies that the loan formerly secured by a 2d deed of trust was past due. As of July 2015, Bank of America was reporting the amount past due was $9,588 and that $130,902 had been charged off.

11. Given the fact that the loan is subject to California's anti-deficiency laws, Bank of America is barred from obtaining a judgment against plaintiff on the account. Nor can Bank of America legally or successfully sue plaintiff to collect on the loan.

12. Given the fact that plaintiff are not responsible for the balance on the account, Bank of America should have reported a Current Balance of zero. This is the advice set forth on page 6-38 of the 2013 Credit Reporting Resource Guide published by the Consumer Data Industry Association ("CDIA") in cases in which a foreclosure took place but the consumer is not responsible for the debt. The defendant is a leading member of the CDIA and have agreed to follow the Guide when applicable. Hence, in this case, Bank of America did not follow its own association's guidelines in reporting on the transaction in question.

13. Bank of America's reports that plaintiff owes $9,588 significantly reduced his credit scores, which are major factors in whether he has been able to obtain credit or whether he may obtain credit on favorable terms.

14. Given the fact that the loan cannot be enforced, Bank of America's credit reports were inaccurate, misleading and incomplete. The reports will mislead creditors who access plaintiff's credit reports, in the process of making decisions whether to extend credit to plaintiff, into believing that plaintiff may be forced to pay $9,588 through legal process when in fact plaintiff is in no danger of ever having to pay anything on the account.

15. Banks and other financial institutions typically use computer algorithms to determine if a consumer qualifies for credit. The computer algorithms rely heavily, if not exclusively, on data in the applicant's credit application, the applicant's credit scores, and information in the applicants' credit reports prepared by the credit reporting agencies.

16. Anytime plaintiff applies for credit, the bank or other credit grantor will run their application through via a computer program to determine eligibility. The program will electronically access plaintiff' credit information from Experian, Trans Union and Equifax. These consumer credit

files will inform the creditor that plaintiff may be forced to pay $9,588 to Bank of America when in fact that is not legally possible. The result will be that the creditor will be misled and it will either reject plaintiff's application or it will only offer credit on unfavorable terms.

17. The reports to the credit bureaus are also incomplete because they fail to note that plaintiff may not be made to pay $9,588 to Bank of America or any lesser amount on the loan account.

18. Plaintiff sent dispute letters to Bank of America and on December 11, 2010; to Experian and Equifax on July 21, 2015; and to Trans Union on August 4, 2015, in which plaintiff stated that the reporting on the Bank of America account was inaccurate, incomplete, and misleading for the reasons stated in ¶¶ 7-8 of this complaint.

19. On August 5, 2015, Experian and Equifax sent plaintiff the results of their investigations which were that the reports would remain the same

20. Upon receipt of the dispute letters, the credit reporting agencies sent automated customer dispute verification requests (ACDVs) to Bank of America informing it that plaintiff was disputing its reporting on the account.

21. Upon receipt of the ACDVs, Bank of America was obligated to conduct a reasonable investigation of the dispute and to report the results of its investigation to the credit reporting agencies. However, Bank of America failed and refused to conduct a reasonable investigation of the disputes; instead, Bank of America merely reported the same information it had previously reported to the credit reporting agencies.

22. Within the two years preceding the filing of the original complaint, Bank of America transmitted inaccurate and incomplete loan information to the credit reporting agencies knowing that the credit reporting agencies would sell the credit information to anyone who had a permissible purpose to obtain the credit information and who was willing to pay the credit reporting agencies fees such as banks and finance companies.

23. From time to time during the two years preceding the filing of the complaint, credit grantors from whom plaintiff sought credit obtained plaintiff's credit reports from the credit reporting agencies, which reports included Bank of America's misleading, incomplete and inaccurate reports that plaintiff owed Bank of America $9,588.

24. Each such sale of credit information by a credit reporting agency during the two years preceding the filing the original complaint was a republication of Bank of America's inaccurate, misleading and incomplete reports.

25. Due to Bank of America's credit reporting, plaintiff have been unable to obtain financing to purchase a home, obtain other credit, and has suffered emotional distress.

**First Claim: Violations of the Fair Credit Reporting Act, 15 USC § 1681s-2(b) – Against Defendant Bank of America, N.A.**

26. Plaintiff incorporates by reference ¶¶ 1-25.

27. The FCRA requires a furnisher such as Bank of America after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by a furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

28. Within the last two years, defendant Bank of America provided inaccurate, incomplete, and misleading information to the credit reporting agencies.

29. Within the past two years, plaintiff notified the credit reporting agencies that the bank's reports concerning the account were inaccurate. Thereafter, the agencies notified Bank of America that plaintiff was disputing the information.

30. Bank of America violated sections 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a) willfully and negligently failing to conduct a reasonable investigation of the inaccurate information that plaintiff disputed;

(b) willfully and negligently failed to review all relevant information concerning plaintiff's account;

(c) willfully and negligently failing to report the results of investigations to the agencies;

(d) willfully and negligently failing to report the inaccurate status of the inaccurate information to the agencies;

(e) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by the agencies;

(f) willfully and negligently failing to provide the agencies with the factual information and evidence plaintiff submitted to Bank of America that proved that the information concerning plaintiff's credit reports were inaccurate;

(g) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning plaintiff's account to the agencies;

(h) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681s-s(b); and

31.     As a result of the above-described violations of § 1681s-2(b), plaintiff has been damaged.

**Second Claim: Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 (a) – Against Bank of America, N.A.**

32.     Plaintiff incorporates by reference ¶¶ 1-31.

33.     California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

34.     Defendant Bank of America negligently and willfully furnished information to the

credit reporting agencies it knew or should have known was inaccurate.

35. Defendant Bank of America failed to make corrections to the information it was furnishing to the credit reporting agencies;

36. Defendant Bank of America failed to provide a notice to the credit reporting agencies that the information it was providing was disputed.

37. Based on these violations of Civil Code § 1785.25 (a), plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

**PRAYER**

WHEREFORE, plaintiff prays for judgment as follows:

1. Actual, statutory and punitive damages;
2. Injunctive relief;
3. Costs and attorney's fees; and
4. Such other relief as the Court may deem proper.

Dated: August 18, 2015.

ANDERSON, OGILVIE & BREWER LLP

By /s/ *Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

Dated: August 18, 2015.

ANDERSON, OGILVIE & BREWER LLP

By /s/ *Mark F. Anderson*
Mark F. Anderson